IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,397

In the Matter of MICHAEL M. SPIEGEL,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed March 4, 2022. One-year suspension.

*W. Thomas Stratton Jr.*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Michael M. Spiegel*, respondent, argued the cause pro se.

PER CURIAM: This is an attorney discipline proceeding against Michael M. Spiegel, of Blue Springs, Missouri. Spiegel received his license to practice law in Kansas on March 7, 2002. Spiegel also is a licensed attorney in Missouri, admitted in 2000.

On July 7, 2021, the Disciplinary Administrator's office filed a formal complaint against Spiegel alleging violations of the Kansas Rules of Professional Conduct. The complaint was filed after Spiegel advised the Disciplinary Administrator's office of a decision by the Missouri Supreme Court to indefinitely suspend his license to practice law, effective March 17, 2020. The Missouri Supreme Court based its decision on a Missouri disciplinary hearing panel's finding that Spiegel violated Missouri Rules of Professional Conduct by engaging in a sexual relationship with a client. The panel determined respondent violated MRPC 4-1.7(a) (conflict of interest–current clients),

1

MRPC 4-1.8(j) (conflict of interest–prohibited transactions), and MRPC 4-8.4(d) (misconduct).

Spiegel filed a timely answer to the formal complaint and cooperated with the investigation. On September 14, 2021, the parties entered into a summary submission agreement under Supreme Court Rule 223 (2021 Kan. S. Ct. R. 273). In the summary submission agreement, the Disciplinary Administrator and Spiegel stipulate and agree that Spiegel violated the following Kansas Rules of Professional Conduct:

- KRPC 1.7(a)(2) (2021 Kan. S. Ct. R. 336) (conflict of interest:  current clients);
- KRPC 1.8(k) (2021 Kan. S. Ct. R. 346) (conflict of interest:  current clients:  specific rules); and
- KRPC 8.4(d) (2021 Kan. S. Ct. R. 427) (misconduct).

Before us, the parties jointly recommend a one-year suspension from the practice of law. The parties also recommend Spiegel undergo a reinstatement hearing under Supreme Court Rule 232 (2021 Kan. S. Ct. R. 287).

FACTUAL AND PROCEDURAL BACKGROUND

We quote the relevant portions of the parties' summary submission below.

"1.      *Findings of Fact*. Petitioner and Respondent stipulate and agree to the facts, legal conclusions, and that Respondent engaged in the misconduct, all as alleged in the Formal Complaint filed on July 7, 2021, as follows:

. . . .

2

"5.     On June 8, 2020, the Office of the Disciplinary Administrator received a letter from Respondent in which he self-reported receipt of discipline in the form of a suspension in Missouri ('Complaint').

"6.     In addition to the Complaint the Respondent provided a March 17 Order of the Supreme Court of Missouri in Case No. SC98155, certified by the Clerk of the Supreme Court of Missouri ('Order'). The Order suspended Respondent's Missouri license indefinitely and required a period of six months from the date of the Order before a petition for reinstatement would be entertained. The Order imposed other requirements.

"7.     Respondent also provided an undated Information filed by the Missouri Chief Disciplinary Counsel which, Respondent said, underlies the suspension. He closed by providing contact information.

"8.     The Order references acceptance of the Missouri Hearing Panel Decision and finds that Respondent violated Rules 4-1.7(a), 4-1.8(j), and 4-8.4(d).

"9.     Rules 4-1.7(a), 4-1.8(j), and 4-8.4(d) are part of the Missouri Supreme Court Rules addressing professional conduct.

"10.    The Order specifies Rule 4-1.7(a) was violated 'in that, by representing a client with whom he was having sexual relations, there was a significant risk the representation would be materially limited by his personal interests and, thereby, resulted in a concurrent conflict of interest that did not come within the exception set out in Rule 4-1.7(b).'

3

"11.    The Missouri Rule 4-1.7(a) violation equates to a violation of Kansas Rule of Professional Conduct ('KRPC') 1.7(a)(2) which, as it applies here, says that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest, which exists if there is a substantial risk that the representation will be materially limited by a personal interest of the lawyer.

"12.    The Order specifies Rule 4-1.8(j) was violated 'by having sexual relations with a client when no consensual sexual relationship existed between them when the lawyer-clientrelationship commenced.'

"13.    The Missouri Rule 4-1.8(j) violation equates to a violation of KRPC 1.8(k), which says: 'A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced.'

"14.    The Order specifies Rule 4-8.4(d) was violated 'in that he engaged in conduct prejudicial to the administration of justice by having sexual relations with his client during the pendency of the attorney-client relationship.'

"15.    The Missouri Rule 4-8.4(d) violation equates to a violation of KRPC 8.4(d), which says that it is professional misconduct for a lawyer to 'engage in conduct that is prejudicial to the administration of justice.'

"16.    Pursuant to Kansas Supreme Court Rule 221(c)(2), the Missouri Supreme Court's discipline of the Respondent for violating its rules is prima facie evidence of the commission of the conduct that formed the basis of the violation and raises a rebuttable presumption of the

4

validity of the finding of misconduct. The Respondent has the burden to disprove the finding in a disciplinary proceeding.

"17.   In addition to the foregoing authority for a finding of misconduct in Kansas, the evidence that supported the Missouri Supreme Court's determination of violations of its rules in its Order likewise supports violations of the KRPC identified in this Formal Complaint.

"18.   Respondent was informed by a January 25, 2021 letter that the Review Committee for the Kansas Board for the Discipline of Attorneys had directed the Disciplinary Administrator's Office to institute formal charges.

"*Conclusions of Law*. Petitioner and Respondent stipulate and agree that Respondent violated the following Supreme Court Rules and Kansas Rules of Professional Conduct:  KRPC 1.7(a)(2) Conflict of Interest:  Current Clients, KRPC 1.8(k), Conflict of Interest:  Current Clients:  Specific Rules, and KRPC 8.4(d) Misconduct.

 . . . .

"2.      *Recommendation for Discipline*. Petitioner and Respondent jointly recommend that the respondent be suspended from practice for one year. They further recommend that Respondent be required to undergo a reinstatement hearing pursuant to Rule 232 (2021 Kan. S. Ct. R. 287) prior to reinstatement of Respondent's license to practice law.

"3.      *Additional Statements and Stipulations*.

"A.     Petitioner and Respondent hereby waive the disciplinary hearing.

"B.     Petitioner and Respondent agree that no exceptions to the findings of fact and conclusions of law will be taken.

5

"C.     Respondent understands and agrees that pursuant to Rule 223(f) (2021 Kan. S. Ct. R. 273), this Summary Submission Agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendation.

"D.     Respondent also understands and agrees that after entering into this Summary Submission Agreement Respondent will be required to appear before the Kansas Supreme Court for oral argument under Rule 228(i) (2021 Kan. S. Ct. R. 273).

"E.     Petitioner and Respondent agree that the exchange and execution of copies of this Agreement by electronic transmission shall constitute effective execution and delivery of this Agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures."

## DISCUSSION

In a disciplinary proceeding, this court generally considers the evidence, the disciplinary panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, the appropriate discipline to impose. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226(a)(1)(A) (2021 Kan. S. Ct. R. 276) (a misconduct finding must be established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

6

The Disciplinary Administrator provided Spiegel with adequate notice of the formal complaint. The Disciplinary Administrator also provided Spiegel with adequate notice of the hearing before the panel, but he waived that hearing after entering into the summary submission agreement. Under Rule 223, a summary submission agreement is

> "[a]n agreement between the disciplinary administrator and the respondent to proceed by summary submission must be in writing and contain the following:
>> (1) an admission that the respondent engaged in the misconduct;
>> (2) a stipulation as to the contents of the record, findings of fact, and conclusions of law—including each violation of the Kansas Rules of Professional Conduct, the Rules Relating to Discipline of Attorneys, or the attorney's oath of office;
>> (3) a recommendation for discipline;
>> (4) a waiver of the hearing on the formal complaint; and
>> (5) a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken." Rule 223(b) (2021 Kan. S. Ct. R. 273).

The Kansas Board for Discipline of Attorneys approved the summary submission and canceled a hearing under Rule 223(e)(2). As a result, the factual findings in the summary submission are admitted. See Supreme Court Rule 228(g)(1) (2021 Kan. S. Ct. R. 282) ("If the respondent files a statement . . . that the respondent will not file an exception . . . , the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent.").

When signed by the parties, the written summary submission agreement contained all the information required by Rule 223. See Rule 223 (2021 Kan. S. Ct. R. 273). The current version of Rule 223 also requires the summary submission to include any applicable aggravating and mitigating factors. See Rule 223 (2022 Kan. S. Ct. R. at 277).

At oral argument, the attorney representing the Office of the Disciplinary Administrator recited those factors:

Aggravating Factors: selfish motive, duration and pattern of misconduct, vulnerability of victim, and substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions, § 9.2

Mitigating Factors: absence of a prior disciplinary record, cooperation in disciplinary proceedings, good character and reputation in the community, and imposition of other penalties or sanctions in another jurisdiction for the same offense. See ABA Standards for Imposing Lawyer Sanctions, § 9.3.

Respondent orally stipulated to the existence of both the aggravating and mitigating factors set forth by the Office of the Disciplinary Administrator attorney. The summary submission and the parties' stipulations before us establish by clear and convincing evidence the charged conduct violated KRPC 1.7(a)(2), 1.8(k), and 8.4(d). We adopt the findings and conclusions set forth by the parties in the summary submission and at oral argument.

The remaining issue is deciding the appropriate discipline. The parties jointly recommend a one-year suspension of Spiegel's law license and that Spiegel undergo a reinstatement hearing under Supreme Court Rule 232 before any reinstatement. An agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Rule 223(f). After full consideration, we hold a one-year suspension with a required reinstatement hearing is an appropriate sanction. As a condition of reinstatement, Spiegel must show his Missouri law license is active.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Michael M. Spiegel is suspended for one year from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 225(a)(3) (2022 Kan. S. Ct. R. at 281) for violations of KRPC 1.7(a)(2), 1.8(k), and 8.4(d).

IT IS FURTHER ORDERED that respondent shall comply with Supreme Court Rule 231 (2022 Kan. S. Ct. R. at 292).

IT IS FURTHER ORDERED that if respondent applies for reinstatement, he shall comply with Supreme Court Rule 232 (2022 Kan. S. Ct. R. at 293) and be required to undergo a reinstatement hearing.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.