IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,210

In the Matter of LAINE CHARLES RUNDUS,
*Respondent.*

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Oral argument held December 11, 2024. Opinion filed December 27, 2024. One-year suspension.

*Gayle Larkin,* Disciplinary Administrator, argued the cause, and was on the formal complaint for the petitioner.

*Laine C. Rundus,* respondent, argued the cause pro se.

PER CURIAM: This is an attorney discipline proceeding against respondent Laine C. Rundus, of Belleville, who was admitted to practice law in Kansas in September 2007.

On August 23, 2024, the Disciplinary Administrator's office filed a formal complaint against Rundus alleging violations of the Kansas Rules of Professional Conduct. This followed an order of the Kansas Supreme Court entered on April 3, 2024, that had temporarily suspended Rundus' license to practice law under Rule 213 (2024 Kan. S. Ct. R. at 264) following his felony conviction for driving under the influence. Rundus' license to practice law remains suspended.

After the formal complaint was filed, the parties entered into a summary submission agreement and later an amended summary submission agreement under Supreme Court Rule 223 (2024 Kan. S. Ct. R. at 275). In both, Rundus admitted that he

1

violated the Kansas Rules of Professional Conduct (KRPC)—specifically KRPC 8.4(b) (2024 Kan. S. Ct. R. at 430) (misconduct: commit criminal act) and Rule 219 (2024 Kan. S. Ct. R. at 270) (reporting criminal charges or conviction within 14 days). The parties also stipulated to the content of the record, the findings of fact, the conclusions of law, and the applicable aggravating and mitigating circumstances. They additionally agreed to waive a formal hearing, and they jointly recommended a sanction. See Rule 223(b).

The chair of the Board for Discipline of Attorneys approved the summary submission and cancelled a hearing on the formal complaint. See Supreme Court Rule 223(e). The summary submission agreement and an amended summary submission agreement were filed with this court.

Before us, the parties recommend a finding of misconduct and a sanction of a one-year suspension from the practice of law. They also recommend that Rundus be required to undergo a reinstatement hearing prior to his return to the practice of law as contemplated by Kansas Supreme Court Rule 232(e) (2024 Kan. S. Ct. R. at 291). At the reinstatement hearing, the parties recommend that Rundus be required to establish that he received adequate treatment for depression and that he has been released from criminal probation.

The court accepts those recommendations, including the Disciplinary Administrator's additional recommendation that the one-year period of suspension be made retroactive to April 3, 2024, the date Rundus' license was temporarily suspended. Rundus must seek a reinstatement hearing and provide evidence of his treatment for depression and his release from criminal probation at his reinstatement hearing, The court also orders that Rundus must show that he has contacted and worked with the Kansas Lawyers Assistance Program and that he is following any recommendations made by that program.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant portions of the amended summary submission agreement follow.

"*Findings of Fact*

"5.     Under Rule 223(b)(2)(B) (2024 Kan. S. Ct. R. at 275), the parties stipulate to the following findings of fact:

"6.     The respondent, Laine C. Rundus, is an attorney at law, Kansas Attorney Registration No. 23348. The Supreme Court admitted the respondent to the practice of law on September 28, 2007. The respondent's most recent registration address with the Office of Judicial Administration is 1971 U.S. Highway 81, Belleville, Kansas 66935.

"7.     On April 3, 2024, the Kansas Supreme Court entered an order temporarily suspending the respondent's license to practice law under Rule 213 (2024 Kan. S. Ct. R. at 264). The respondent's license remains suspended.

"*Republic County, Kansas, Case Number 2023TR00131*

"8.     On March 3, 2023, at approximately 1:17 a.m., Deputy Shawn Sprayberry with the Republic County Sheriff's office observed a vehicle parked in a parking lot at an unusual time. The deputy approached the vehicle and observed the respondent sitting in the driver's seat, slumped toward the passenger's seat. The respondent appeared to be unconscious. The deputy was eventually able to wake the respondent. The respondent's keys were in the ignition and the ignition was in the 'on' position.

"9.     When the respondent stepped from the vehicle, he was unsteady on his feet. The deputy administered field sobriety tests. After the respondent failed the field sobriety tests, the deputy arrested the respondent for driving under the influence of alcohol ('DUI').

"10.     The respondent submitted to a blood test for alcohol concentration. The test showed that the respondent's alcohol concentration was .21.

"11.     The respondent did not timely report the charge to the disciplinary administrator's office.

"12.     On March 27, 2023, the respondent called the disciplinary administrator's office to report the March 3, 2023, charge. Kathleen Selzler Lippert directed the respondent to provide the information in writing. The respondent did not provide a written report until August 2023.

"13.     On June 5, 2023, the respondent entered a plea of guilty to the charge. The respondent did not timely report the conviction to the disciplinary administrator's office.

"14.     The court sentenced the respondent to six months in jail but placed the respondent on probation after the respondent served 48 hours. On July 14, 2023, the respondent paid the fines and costs in 2023TR00131.

"15.     On August 15, 2023, the respondent sent an email message to the disciplinary administrator's office, reporting the conviction (the respondent's email message referenced an incorrect date for the conviction).

"*Saunders County, Nebraska, Case Number CR-23-190*

"16.     On April 8, 2023, shortly after midnight, Nebraska Highway Patrol Officer Chase Landry observed a vehicle speeding. Trooper Landry initiated a traffic stop. The respondent was the driver of the vehicle. The trooper approached the respondent's vehicle on the passenger's side and detected a distinct odor of an alcoholic beverage emitting from the vehicle. The trooper informed the respondent of the reason for the stop and asked for proof of registration and insurance. The respondent was unable to provide the trooper with the requested documentation. Additionally, the respondent did not have his driver's license with him.

4

"17.	The trooper asked the respondent if he had consumed any alcoholic beverages. The respondent denied consuming any alcoholic beverages. The trooper asked the respondent to perform field sobriety tests; the respondent failed the field sobriety tests. The trooper transported the respondent to the Saunders County Corrections Office. There, the respondent submitted to a breath alcohol concentration test. According to the test, the respondent's breath alcohol concentration was .169.

"18.	The trooper arrested the respondent for DUI and other traffic charges. The respondent did not timely report the charge to the disciplinary administrator's office.

"19.	On June 15, 2023, the respondent entered a plea of no contest to the charge. The Saunders County, Nebraska, court imposed a 30 day jail sentence.

"20.	In the respondent's August 15, 2023, email message referenced above, the respondent also disclosed the Saunders County, Nebraska, conviction (again, the respondent referenced an incorrect date as the date of conviction).

"*Republic County, Kansas, Case Number 2023TR00474*

"21.	On June 30, 2023, Deputy Sprayberry observed a vehicle fail to maintain a single lane of traffic while traveling north on U.S. Highway 81. The deputy initiated a traffic stop and discovered that the respondent was driving the vehicle. The [deputy] asked the respondent to provide proof of registration and insurance. The respondent was unable to do so.

"22.	The [deputy] noticed the odor of alcohol coming from the vehicle. When questioned, the respondent denied consuming any alcohol. The deputy administered field sobriety tests; the respondent failed the tests.

"23.	The [deputy] transported the respondent to the sheriff's office and . . . administered a breath alcohol concentration test. The respondent's breath alcohol concentration was .124.

"24.	The [deputy] arrested the respondent for DUI and other traffic violations.

5

"25. On July 14, 2023, the Republic County Attorney charged the respondent with DUI, a level 6, nonperson felony. The respondent failed to timely report the charge.

"26. In the respondent's August 15, 2023, email message referenced above, the respondent also disclosed the third arrest for DUI (the respondent indicated that he was charged on July 3, 2023, however, he was arrested on June 30, 2023, and formally charged on July 14, 2024).

"27. On January 8, 2024, the respondent entered a plea of guilty to felony DUI. The respondent did not notify the disciplinary administrator's office of the conviction as required.

"28. On February 6, 2024, the district court sentenced the respondent to serve 30 days in jail for the third conviction for DUI. The district court ordered the respondent to serve 48 hours in jail and then placed the respondent on house arrest for an additional 30 days. The court ordered that the respondent be subject to post-release supervision (probation) for 24 months.

"29. Among other things, the respondent's probation plan required him to 1) complete alcohol treatment, 2) pay fines and costs in the total amount of $2,596.50, and 3) complete 50 hours of community service work.

"30. The respondent completed two of the three items by completing the alcohol treatment and paying the fine. The respondent continues to complete the community service work, but has not yet completed all the hours required by his probation plan.

"31. Provided the respondent completes the remaining hours of community service work prior to February 6, 2025, the respondent and his probation officer expect that he will be discharged from probation one year early.

"32. The respondent is in compliance with all other terms of probation.

6

"33. Under Rule 223(b)(1) (2024 Kan. S. Ct. R. at 275), the respondent admits that he engaged in misconduct. Under Rule 223(b)(2)(C) (2024 Kan. S. Ct. R. at 275), the parties stipulate that the findings of fact stated above constitute clear and convincing evidence of violations of KRPC 8.4(b) (misconduct: commit criminal act) and Rule 219 (reporting criminal charges or conviction within 14 days).

"34. 'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the respondent drove while under the influence of alcohol on three occasions. The crimes which the respondent was convicted of adversely reflect on his fitness as a lawyer in other respects. Accordingly, the respondent violated KRPC 8.4(b).

"35. Rule 219(c) (2024 Kan. S. Ct. R. at 270) requires an attorney to notify the disciplinary administrator's office within 14 days when the attorney has been *charged* with a reportable offense. Additionally, Rule 219(d) requires an attorney to notify the disciplinary administrator's office within 14 days when an attorney has been *convicted* of a reportable offense. The respondent failed to timely notify the disciplinary administrator's office of the charges and convictions, as required by Rule 219(c) and (d) and as detailed above.

*"ABA Standards for Imposing Lawyer Sanctions*

"36. In making the joint recommendation for discipline, the disciplinary administrator and the respondent considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"37. *Duty Violated*. The respondent violated his duty to the public and his duty to the profession.

"38.     *Mental State*. The respondent knowingly violated his duties.

"39.     *Injury*. As a result of the respondent's misconduct, the respondent caused potential harm to the public and the legal profession.

"*Aggravating and Mitigating Factors*

"40.     *Aggravating Circumstances*. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. Under Rule 223(b)(2)(D) (2024 Kan. S. Ct. R. at 275), the parties stipulate that the following aggravating factors are applicable in this case:

"41.     *A Pattern of Misconduct*. The respondent engaged in a pattern of misconduct. Within this disciplinary case, the respondent was charged with and convicted of DUI.

"42.     *Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 2007. At the time of the misconduct, the respondent has been practicing law for more than 15 years.

"43.     *Illegal Conduct, Including that Involving the Use of Controlled Substances.* The misconduct in this case involved the commission of illegal conduct on three separate occasions.

"44.     *Mitigating Circumstances.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. Under Rule 223(b)(2)(D) (2024 Kan. S. Ct. R. at 275), the parties stipulate that the following mitigating factors are applicable in this case:

"45.     *Absence of a Prior Disciplinary Record*. The respondent has not previously been disciplined.

"46.     *Absence of a Dishonest or Selfish Motive.* The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"47.     *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* The respondent suffers from depression. It is clear that the respondent's depression contributed to his misconduct.

"48.     *Imposition of Other Penalties or Sanctions.* The respondent has experienced other sanctions for his conduct. As a result of the three convictions, the respondent spent time in jail, on house arrest, and paid fines and costs. In addition, the respondent remains on probation.

"*Applicable ABA Standards*

"49.     The parties agree that ABA Standards for Imposing Lawyer Sanctions 5.12 and 7.2 are the standards applicable in this case.

'5.12     Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.'

'7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation for Discipline*

"50.     Based on the findings of fact, the conclusions of law, the aggravating factors, the mitigating factors, and ABA Standards 5.12 and 7.2 and under Rule 223(b)(3) (2024 Kan. S. Ct. R. at 275), the parties jointly recommend that the Supreme Court suspend the respondent's license for one year. The parties further recommend that prior to reinstatement, the respondent be required to undergo a reinstatement hearing as contemplated by Rule 232(e). At the reinstatement hearing, the parties recommend that

9

the respondent be required to establish that he has received adequate treatment for depression and that he has been released from probation.

"*Additional Stipulations and Procedures*

"51.     *Waiver of Hearing.* Under Rule 223(b)(4) (2024 Kan. S. Ct. R. at 275), the respondent waives the hearing on the formal complaint as provided by Rule 222(c) (2024 Kan. S. Ct. R. at 274).

"52.     *No Exceptions.* Under Rule 223(b)(5) (2024 Kan. S. Ct. R. at 275), the parties agree no exceptions will be taken.

"53.     *Notice to Complainants.* The respondent self-reported the criminal cases. As a result, there are no complainants to notify of the summary submission agreement.

"54.     *Board Chair*. The parties acknowledge that after the Summary Submission Agreement is signed, the disciplinary administrator will provide a copy of the agreement to the chair of the Kansas Board for Discipline of Attorneys. If the chair approves the agreement, the scheduled hearing on the formal complaint will be cancelled and the case will proceed according to Rule 228 (2024 Kan. S. Ct. R. at 284). If the chair rejects the agreement, the case will proceed to hearing as scheduled according to Rule 222 (2024 Kan. S. Ct. R. at 274).

"55.     *Oral Argument.* The respondent also understands and agrees that after entering into this Summary Submission Agreement he will be required to appear before the Supreme Court for oral argument under Rule 228(i) (2024 Kan. S. Ct. R. at 284).

"56.     *Effect of Agreement.* The respondent understands and agrees that pursuant to Rule 223(f) (2024 Kan. S. Ct. R. at 275), the Summary Submission Agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendation.

"57. *Electronic Delivery and Signatures.* The parties agree that the Summary Submission Agreement may be exchanged and executed by electronic transmission and that electronic signatures will be deemed to be original signatures."

## DISCUSSION

In a disciplinary proceeding, we consider the evidence and the parties' arguments and determine whether KRPC violations exist and, if they do, the appropriate discipline. Attorney misconduct must be established by clear and convincing evidence. *In re Spiegel*, 315 Kan. 143, 147, 504 P.3d 1057 (2022); see Supreme Court Rule 226(a)(1)(A) (2024 Kan. S. Ct. R. at 279). We have defined clear and convincing evidence as "evidence that causes the factfinder to believe that 'the truth of the facts asserted is highly probable.'" 315 Kan. at 147 (quoting *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 [2009]).

Respondent Rundus had adequate notice of the formal complaint, to which he filed an answer. He waived formal hearing after entering into a summary submission agreement. In this agreement and the amended summary submission agreement, the parties stated that they would not take exceptions to the findings of facts and conclusions of law in those documents. Under the terms of Supreme Court Rule 228(g)(1) (2024 Kan. S. Ct. R. at 285), Rundus has thus admitted the factual findings and conclusions of law in the summary submission and the amended summary submission agreements.

Based on Rundus' admissions and the record that supports those admissions, we adopt the findings of fact in the amended summary submission agreement. These findings of facts provide clear and convincing evidence that support the conclusions of law set out in the agreement. These findings and conclusions establish that Rundus' conduct violated KRPC 8.4(b) and Rule 219. More specifically, the admissions establish that Rundus drove a motor vehicle while under the influence of alcohol on three occasions and was convicted for those incidents with the third offense resulting in a felony conviction. These

11

crimes adversely reflect on his fitness as a lawyer. KRPC 8.4(b). Rundus also admits that he failed to notify the Disciplinary Administrator's office within 14 days after he was charged with and convicted of each of the DUI offenses.

Having found these violations of our rules of professional conduct, we turn to considering the appropriate discipline. The parties' agreements about the appropriate level of discipline are advisory only and do not prevent us from imposing a greater or lesser discipline. Kansas Supreme Court Rule 223(f) (2024 Kan. S. Ct. R. at 276). Here, after full consideration of the findings of facts and conclusions of law, we adopt the joint recommendation of a one-year suspension from the practice of law.

The Disciplinary Administrator also recommended that we make the one-year suspension retroactive, so it would effectively begin on April 3, 2024, when Rundus' license to practice law was temporarily suspended. In considering this recommendation, we have weighed the mitigating factors stated in the amended summary submission agreement, as supported by the parties' joint exhibits. These reflect that Rundus has no prior history of misconduct and suffers from depression that contributed to his misconduct. Rundus has also experienced other sanctions for his misconduct through the criminal justice system: He has paid fines and fees and has completed jail time and time on house arrest. He has also followed the terms of his criminal probation. As required under his probation terms, he has completed an outpatient alcohol treatment program and has maintained sobriety. In addition, he has fulfilled a portion of his community service work requirement, although he must complete more hours before being discharged from criminal probation. While doing these things, Rundus has been suspended from the practice of law and he will remain suspended until he can show he qualifies for reinstatement. Given those factors and the burden he faces to gain reinstatement, we accept the Disciplinary Administrator's recommendation and order that the one-year suspension will be retroactive on April 3, 2024.

As we have suggested, we also adopt the parties' joint recommendation that Rundus must petition for reinstatement and undergo a reinstatement hearing under Kansas Supreme Court Rule 232(b) and (e). At the reinstatement hearing, Rundus must satisfy his burden to show that the factors in Rule 232(e)(4) weigh in favor of reinstatement and show he has met the specific conditions recommended in the amended summary submission—that is, that he has received adequate treatment for depression and that he has been released from criminal probation. We impose yet another requirement: Rundus must establish at the hearing that he has contacted and worked with the Kansas Lawyers Assistance Program and that he is following any recommendations made by that program.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that respondent Laine C. Rundus' license to practice law in Kansas is suspended for one year; the period of suspension will be retroactive, beginning on April 3, 2024. Supreme Court Rule 225(a)(3) (2024 Kan. S. Ct. R. at 278). Respondent must undergo a reinstatement hearing under Kansas Supreme Court Rule 232(e) prior to his reinstatement to the practice of law. At the reinstatement hearing, the respondent must establish:

- He has received adequate treatment for depression;
- He has been released from criminal probation;
- He has contacted and worked with the Kansas Lawyers Assistance Program and is following any recommendations made by that program; and
- The factors in Rule 232(e)(4) weigh in favor of reinstatement.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.